**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CARL MALOBABICH,                     )
                                     )
                    Plaintiff,       )
                                     )
           v                         )   **2:12-cv-1483**
                                     )
NORFOLK SOUTHERN RAILWAY             )
COMPANY,                             )
                                     )
                    Defendant.       )

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION TO DISMISS CARL

MALOBABICH'S AMENDED COMPLAINT (Document No. 10), with brief in support, filed

by Norfolk Southern Railway Company ("NSR").  Plaintiff Carl Malobabich filed a response and

brief in opposition.  NSR filed a reply brief and the motion is ripe for disposition.


Factual and Procedural Background

Malobabich was hired by NSR in 2004, at age 56, as a student electrician.  He became a

journeyman electrician in 2007.  In November 2008, Malobabich filed a charge of age

discrimination with the EEOC and PHRC.  In essence, he contended that he was assigned to

undesirable work on the Routine Maintenance Line, while younger workers (albeit with more

"seniority," *i.e.*, years of service with NSR), got more desirable jobs.  On October 29, 2010 the

EEOC issued a Dismissal of the charge and a "right to sue" letter.

On December 6, 2010, "without prior notice or discipline" NSR suspended Malobabich

from work without pay based on an incident which had occurred the previous day.  On

December 5, 2010 Malobabich allegedly failed to follow instructions and was absent without

leave for a half-hour.  As pled in ¶ 25 of the Amended Complaint:  "Prior to the discipline [in

this incident], Plaintiff had never been disciplined during the course of his employment with

NSR." On December 21, 2010 NSR held a formal investigative hearing and found Malobabich guilty. On January 5, 2011 his employment was terminated. The union challenged the termination decision. Over a year later, on January 31, 2012, the National Mediation Board ordered that Malobabich be restored to service. The Board concluded that Malobabich had been insubordinate, but that NSR's decision to dismiss him was unreasonably harsh. Malobabich did not receive backpay or benefits.

In 2011, Malobabich filed a three-count Complaint in this Court at Civil Action No. 11-112, which asserted: (1) a claim under the federal Age Discrimination in Employment Act ("ADEA"); (2) a parallel age-discrimination claim under the Pennsylvania Human Relations Act ("PHRA"); and (3) a tort claim for intentional infliction of emotional distress ("IIED"). NSR contended that the job-assignment procedures were governed by the seniority provisions of the collective bargaining agreement. In a Memorandum Opinion dated May 11, 2011, the Court held that it lacked subject-matter jurisdiction and dismissed the Complaint. Malobabich did not appeal.

On September 2, 2011 Malobabich filed new charges with the EEOC/PHRC arising from the termination of his employment, contending: "I believe that I have been retaliated against for previously filing charges of employment discrimination against Respondent alleging a pattern of age discrimination. My EEOC charge was dismissed on 10/29/10. Respondent took no action against me until it was certain that the charges were dismissed." The EEOC issued a "right to sue" notice on July 13, 2012.

On October 14, 2012 Malobabich filed his initial Complaint (Document No. 1) in this case, which asserted (1) a claim for retaliation under the ADEA; (2) a parallel retaliation claim under the PHRA; and (3) a tort claim for intentional infliction of emotional distress. NSR filed a

Motion to Dismiss all claims (Document No. 5).  Among other arguments, NSR contended that

Malobabich had failed to plead a causal link between his alleged "protected activity" and NSR's

"adverse employment action."  Instead of responding to the motion, Malobabich filed an

Amended Complaint (Document No. 9).[1]  In the Amended Complaint, Malobabich abandoned

the IIED claim, but continues to assert retaliation claims under the ADEA and PHRA.  NSR has

renewed its Motion to Dismiss the Amended Complaint in its entirety and with prejudice.


Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a

complaint, which may be dismissed for the "failure to state a claim upon which relief can be

granted."  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, the Court must accept

all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor

of the plaintiff.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*,

132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir.

2010)).  However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v.

Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the

speculative level."  550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the

requirement that a complaint must state a plausible claim for relief in order to survive a motion

to dismiss.  556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Nevertheless, "the

plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show

---

[1] Accordingly, NSR's initial Motion to Dismiss (Document No. 5) is **DENIED AS MOOT**.

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination

for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.


Legal Analysis

In order to establish a prima facie case of retaliation in violation of the ADEA, a plaintiff must allege that: (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Fasold v. Justice*, 409 F.3d 178, 188–89 (3d Cir. 2005). The

analytical framework for a PHRA retaliation claim is identical.  *See Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3d Cir. 2002).

In Defendant's Motion to Dismiss the Amended Complaint, NSR reiterates the argument it made  as to the original Complaint, namely that Malobabich has failed to plead the requisite causal link between his protected activity and an adverse employment action.   Thus, NSR contends that Malobabich cannot make out a prima facie case for retaliation.

The parties agree that a causal link may be established either by:  (1) temporal proximity; or (2) other circumstantial evidence in the record as a whole -- such as a pattern of antagonism or inconsistent explanations – that permits an inference of causation.   *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280-81 (3d Cir. 2000).  The parties disagree as to whether the Amended Complaint alleges a sufficient causal link.

The only "protected activity" set forth by Malobabich in the 2011 EEOC charge and in the Amended Complaint was his filing of the initial EEOC complaint in November 2008.  The only alleged "adverse employment action" occurred in December 2010 and January 2011.  Causation may not be inferred from a temporal gap of over two years.  In an effort to fill this gap, Malobabich points to the dismissal of his initial complaint by EEOC in November 2010.  The action by EEOC does not suffice.  There must be a causal link between the adverse employment action and protected activity engaged in by the ***employee***, Malobabich, not the EEOC.  *See Marquez v. Baker Process, Inc.*, 42 Fed.Appx. 272 (10th Cir. 2002) (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)) (per curiam) (rejecting idea that EEOC letter constitutes protected activity).  Moreover, Plaintiff's theory– that NSR waited to retaliate for almost two years, until he received his "right to sue" letter -- is implausible.

Malobabich also attempts to satisfy the causal link by contending that he "had never been disciplined at any previous time during his tenure with NSR."  Brief at 5 (quoting Amended Complaint ¶ 25).  This allegation actually undermines Malobabich's position because it recognizes that NSR has not engaged in a pattern of antagonism that can be traced back to his "protected activity."

Moreover, the allegations as a whole do not support a reasonable inference of retaliation in 2010 due to the filing of an EEOC/PHRA charge in 2008.  To the contrary, the Amended Complaint reflects that a work-related incident occurred on December 5, 2010 which led to the suspension and termination of Malobabich's employment shortly thereafter.   On December 21, 2010 NSR held a formal investigative hearing regarding the incident and found Malobabich guilty.  After the union challenged the termination, the National Mediation Board concluded that Malobabich had been insubordinate during the incident.  Although the Board decided that NSR's decision to dismiss Malobabich was unreasonably harsh, it held that he was not entitled to receive backpay or benefits.  Even though he disagrees with the outcome of both of these proceedings and believes the underlying accusations were false, Malobabich has pled nothing which would allow the Court to infer that the adverse employment action was not based on the December 5 incident, but instead, on his filing of an EEOC charge some two years earlier.  His claims of retaliation are simply not "plausible" and under the *Twombly/Iqbal* standard, must be dismissed.


Leave to Amend

The Court concludes that further attempts to amend the complaint would be inequitable and/or futile.  Malobabich had full notice of NSR's argument regarding the alleged lack of a

causal link and filed an Amended Complaint.   As explained above, the amendment was unsuccessful.  The Court will not provide an opportunity for a third bite at the apple. Accordingly, the Amended Complaint will be dismissed with prejudice.

Conclusion

For the reasons set forth above, DEFENDANT'S MOTION TO DISMISS CARL MALOBABICH'S AMENDED COMPLAINT (Document No. 10) will be **GRANTED** and the Amended Complaint will be dismissed with prejudice and without leave to amend.  The clerk will docket this case closed.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CARL MALOBABICH,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v | ) **2:12-cv-1483** |
| **NORFOLK SOUTHERN RAILWAY** | ) |
| **COMPANY,** | ) |
| **Defendant.** | ) |

## ORDER OF COURT

AND NOW, this 21st day of March 2013, in accordance with the foregoing Memorandum

Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT'S MOTION

TO DISMISS CARL MALOBABICH'S AMENDED COMPLAINT (Document No. 10) is

**GRANTED** and the Amended Complaint is **DISMISSED WITH PREJUDICE**.  The clerk

shall docket this case closed.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:    **Jason Plakosh, Esquire**
        Email: jplakosh@hotmail.com
        **Jaime S. Tuite**
        Email: Jaime.Tuite@bipc.com
        **Emilie R. Hammerstein**
        Email: emilie.hammerstein@bipc.com